1  KAMALA D. HARRIS
   Attorney General of California
2  MICHAEL E. WHITAKER
   Supervising Deputy Attorney General
3  ERNESTO J. FONG
   Deputy Attorney General
4  State Bar No. 192899
     300 South Spring Street, Suite 1702
5    Los Angeles, CA 90013
     Telephone: (213) 897-7936
6    Fax: (213) 897-1071
     E-mail: Ernesto.Fong@doj.ca.gov
7  *Attorneys for Defendants State of California and Ruben Nunez*
8

9  STEVEN K. PERRIN,
   State Bar No. 144539
10 LAW OFFICES OF STEVEN K. PERRIN
   101 Moody Court, Suite 100
11 Thousand Oaks, CA 91360
   Telephone: (805) 449-1121
12

FILED
CLERK, U.S. DISTRICT COURT

JUL 18 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

13             IN THE UNITED STATES DISTRICT COURT

14             FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16

17
   **RENE CORONADO,**                Case No. 2:10-CV-07165-JAK-Ex
18
                        Plaintiff,   **STIPULATED PROTECTIVE ORDER**
19
20         v.

21 **STATE OF CALIFORNIA, RUBEN
   NUNEZ, AND DOES 1-10 INCLUSIVE,**
22
                        Defendants.
23

24

25      In order to preserve and maintain the confidentiality of documents consisting of or

26 related to personnel information of employees and former employees of the California

27 Department of Corrections and Rehabilitation ("CDCR"), including Plaintiff Rene Coronado,

28 while preserving the rights of the parties to prosecute and defend against the claims and defenses

                                    1

in this lawsuit, and in order to avoid unnecessary discovery law and motion proceedings, the parties agree to enter into a Stipulated Protective Order ("Order") as follows:

1. **PURPOSES AND LIMITATIONS**

    (A) Disclosure of confidential information shall be limited to the personnel and/or classification of persons listed below:

    (a) Counsel for party to this action;

    (b) Staff personnel employed by counsel for any party;

    (c) The court and its personnel in connection with this litigation;

    (d) Experts or consultants retained to work on this case by counsel for any party to this case; and

    (e) Investigators retained by counsel for any party to this case.

    (B) Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties stipulate to and petition the court to approve the Stipulated Protective Order.

    (C) The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential. The parties further acknowledge, as set forth in Section 9, *infra*, that this Order creates no entitlement to file confidential information under seal. Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal, and Local Rule 79-5.4 governs the filing of redacted materials with the Court.

2. **DEFINITIONS**

    **2.1** Party: any party to this action, including all of its officers, directors, employees, attorneys, consultants, retained experts, and outside counsel (and their support staff).

    **2.2** Disclosure or Discovery Material: all items or information, regardless of the

medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3** "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed pursuant to Fed.R.Civ.P. 26(c), including information protected by the right to privacy under the state and federal constitutions.

**2.4** Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5** Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.6** Designating Party: a Party or non-party that designates information or items as Confidential.

**2.7** Protected Material: any Disclosure or Discovery Material that is designated as Confidential.

**2.8** Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.9** House Counsel: attorneys who are employees of a Party.

**2.10** Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

**2.11** Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.12** Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

1  organizing, storing, retrieving data in any form or medium; etc.) and their employees and
2  subcontractors.
3  **3. SCOPE**
4  (A) The protections conferred by this Order cover not only Protected Material (as defined
5  above), but also any information copied or extracted therefrom, as well as all copies, excerpts,
6  summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or
7  counsel to or in court or in other settings that might reveal Protected Material.
8  (B) Plaintiff's counsel shall not provide to the plaintiff or witnesses, either orally or in
9  writing, with the addresses and telephone numbers of persons identified within the Confidential
10 Information, but may discuss the information obtained from any investigation conducted with
11 complainants or witnesses.
12 **4. DURATION**
13 Even after the termination of this litigation, the confidentiality obligations imposed by this
14 Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
15 otherwise directs.
16 **5. DESIGNATING PROTECTED MATERIAL**
17 **5.1** Exercise of Restraint and Care in Designating Material for Protection. Each Party
18 or non-party that designates information or items for protection under this Stipulated Protective
19 Order must take care to limit any such designation to specific material that qualifies under the
20 appropriate standards. A Designating Party must take care to designate for protection only those
21 parts of material, documents, items, or oral or written communications that qualify – so that other
22 portions of the material, documents, items, or communications for which protection is not
23 warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or
24 routinized designations are prohibited. Designations that are shown to be clearly unjustified, or
25 that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case
26 development process, or to impose unnecessary expenses and burdens on other parties), expose
27 the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that
28

1  information or items that it designated for protection do not qualify for protection, that Party or
2  non-party must promptly notify all other parties that it is withdrawing the mistaken designation.
3  However, nothing in this protective order will be interpreted to alter the rights and
4  obligations of CDCR under the Information Practices Act, California Civil Code section 1798 et
5  seq., and other applicable law regarding production of information by state agencies that is
6  privileged or protected by law to the extent applicable.

**5.2  Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. However, with respect to documents produced prior to the entry and execution of this Order, any party invoking protection with respect to such material may designate protected information within 20 Court days after Court approval and entry of this Stipulated Protective Order.

Designation in conformity with this Order requires:

(A) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing or Designating Party affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or a similar legend at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing or Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If original documents are being provided for inspection without copies having been made and served on any other party, a Party or non-party that makes such original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the Producing or Designating Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing or Designating Party must affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for

protection, the Producing or Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(B) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony, or any other party entitled to invoke protection with respect to protected information, identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony, or any other party entitled to invoke protection with respect to protected information, may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 Court days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 Court days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony or any other party entitled to invoke protection with respect to protected information.

(C) for information produced in some form other than documentary, and for any other tangible items, that the Producing or Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." If only portions of the information or item warrant protection, the Producing or Designating Party, to the extent practicable, shall identify the protected portions.

(D) for information produced by a third-party, such as by subpoena, and claimed by a party to this action to be entitled to a confidential designation, by notification to all counsel in the action of the party's desire to designate specific material as confidential, mailed or delivered together with copies of each page of material so claimed (with each copy properly designated as

6

confidential in accordance with the terms of this order), and mailed to all counsel of record within 20 Court days after receipt of such material from the third-party, or within 20 Court days after the initial entry by the Court of this order, whichever is later.

**5.3 Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items as Confidential, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1 Timing of Challenges.** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3 Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under this Court's Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the moving party has complied with the meet and confer

1  requirements imposed in the preceding paragraph. The burden of persuasion in any such
2  challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all
3  parties shall continue to afford the material in question the level of protection to which it is
4  entitled under the Producing Party's designation.

5  **7. ACCESS TO AND USE OF PROTECTED MATERIAL**

6  **7.1 Basic Principles.** A Receiving Party may use Protected Material that is disclosed
7  or produced by another Party or by a non-party in connection with this case only for prosecuting,
8  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only
9  to the categories of persons and under the conditions described in this Order. When the litigation
10 has been terminated, a Receiving Party must comply with the provisions of section 11, below
11 (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party
12 at a location and in a secure manner that ensures that access is limited to the persons authorized
13 under this Order.

14 **7.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise
15 ordered by the court or permitted in writing by the Designating Party, a Party may disclose any
16 information or item designated CONFIDENTIAL only to:

17 (A) the Party's Outside Counsel of record in this action, as well as employees of said
18 Counsel to whom it is reasonably necessary to disclose the information for this litigation;

19 (B) the officers, directors, and employees (including House Counsel) of the Party, to
20 whom disclosure is reasonably necessary for this litigation;

21 (C) experts (as defined in this Order) of the Party, to whom disclosure is reasonably
22 necessary for this litigation and who have signed the "Agreement to Be Bound by Protective
23 Order" (Exhibit A);

24 (D) the Court and its personnel;

25 (E) court reporters, their staffs, and professional vendors to whom disclosure is
26 reasonably necessary for this litigation;

27 (F) during their depositions (or at trial, if, in pre-trial or trial proceedings, the Court
28 approves use of this procedure at trial) witnesses in the action to whom disclosure is reasonably

necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (G) the author of the document or the original source of the information, and

  (H) any other person to whom the parties to this Joint Stipulation in writing agree.

 **7.3** Counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Stipulated Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Stipulated Protective Order. In the event such individual does not consent to be bound by the Stipulated Protective Order, no disclosure of Confidential Information will be made to such individual.

 **7.4** Nothing in this Stipulated Protective Order nor the production of documents under its terms nor any proceeding pursuant to it shall be deemed to have the effect of an admission or waiver by any party to this Stipulated Protective Order or of altering the confidential or privileged nature of the documents covered by the Stipulated Protective Order, including the information contained therein, and any summaries, copies or other documents derived in whole in or in part therefrom, or altering any existing obligation of any party to this Stipulated Protective Order.

 **7.5** Nothing in this Stipulated Protective Order nor the production of documents under the terms of this Stipulated Protective Order nor any proceeding pursuant to this Stipulated Protective Order, shall preclude any party to this Stipulated Protective Order from pursuing any remedy authorized under the Federal Rules of Civil Procedure, or by law.

**8.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

 If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

1　(d) request such person or persons to execute the "Acknowledgment and Agreement to Be
2　Bound" that is attached hereto as Exhibit A.
3　**9.　FILING PROTECTED MATERIAL.** A Party that seeks to file any Protected Material
4　under seal must comply with Local Rule 79-5.1. Any Party that intends to file any Protected
5　Material with the Court as part of a motion or other filing, but that does not intend to file a motion
6　to seal, motion for protective order, or motion authorizing redaction as provided for in Local Rule
7　79-5.4 must notify the Designating Party as soon as such a determination to file such Protected
8　Material is made, of the Party's intention to file the Protected Materials with the Court, as to
9　permit the Designating Party to apply to the Court for a Protective Order, order authorizing
10　redaction, or order to seal such material. No Party shall delay making such notification in order
11　to deprive a Designating Party of the ability to file an appropriate motion, and no Party shall
12　unreasonably refuse to agree to an Order Shortening Time to hear such motion when necessary to
13　obtain a ruling prior to the filing of the Protected Materials.
14　**10.　FINAL DISPOSITION.** Unless otherwise ordered or agreed in writing by the Producing
15　Party, within sixty days after the final termination of this action, each Receiving Party that has
16　received Protected Material from a Producing Party must return all such Protected Material to the
17　Producing Party. As used in this subdivision, "all Protected Material" includes all copies,
18　abstracts, compilations, summaries or any other form of reproducing or capturing any of the
19　Protected Material. With permission in writing from the Designating Party, the Receiving Party
20　may destroy some or all of the Protected Material instead of returning it. Whether the Protected
21　Material is returned or destroyed, the Receiving Party must submit a written certification to the
22　Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day
23　deadline that identifies (by category, where appropriate) all the Protected Material that was
24　returned or destroyed and that affirms that the Receiving Party has not retained any copies,
25　abstracts, compilations, summaries or other forms of reproducing or capturing any of the
26　Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival
27　copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
28　work product, even if such materials contain Protected Material. Any such archival copies that

contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11. **MISCELLANEOUS**

    11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: ___July 15___, 2011

KAMALA D. HARRIS
Attorney General of California
MICHAEL E. WHITAKER
Supervising Deputy Attorney General

/S/

ERNESTO J. FONG
Deputy Attorney General
*Attorneys for Defendants State of California and Ruben Nunez*

Dated: ___July 15___, 2011

LAW OFFICES OF STEVEN K. PERRIN,

/S/

STEVEN K. PERRIN
*Attorney for Plaintiff Rene Coronado*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 7/18/11

The Honorable ~~John A. Kronstadt~~ Charles F. Eick
United States ~~District~~/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address or business/company/agency name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of Coronado v. State of California, Ruben Nunez, et al., Case Number 2:10-CV-07165-JAK-Ex. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]